This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Anthony Razzano, appeals from his convictions for kidnapping, rape, and felonious assault in the Lorain County Court of Common Pleas. We affirm.
{¶ 2} On June 28, 1995, Defendant was indicted by the Lorain County Grand Jury for kidnapping, in violation of R.C. 2905.01(A)(3); three counts of rape, in violation of R.C. 2907.02(A)(2); and assault, in violation of R.C. 2903.13(A).
{¶ 3} At his arraignment, on July 6, 1995, Defendant entered a plea of not guilty. The following day, July 7, 1995, Defendant entered a not guilty by reason of insanity plea and requested a psychological evaluation. Defendant was referred to the Lorain County Forensic Center for an evaluation of his competence to stand trial and an evaluation of his sanity at the time of the offense. R.C. 2945.371 and R.C. 2945.39. A hearing was held on September 11, 1995, and the court found Defendant competent to stand trial. On September 22, 1995, Defendant requested an additional sanity evaluation.
{¶ 4} The trial was held on October 29, 1996, and Defendant was found guilty of kidnapping, two counts of rape, and felonious assault. Defendant was sentenced on October 29, 1996.
{¶ 5} On March 15, 2002, a hearing concerning Defendant's status as a sexual predator was held. At his hearing, the court classified Defendant as a sexual predator. Defendant timely filed his appeal on April 12, 2002.
 ASSIGNMENT OF ERROR I {¶ 6} "The trial court erred to [Defendant's] prejudice in violation of the Fourteenth Amendment to the United States Constitution and Article One Section Ten and Sixteen of the Ohio Constitution by adjudicating [Defendant] a sexual predator in the absence of clear and convincing evidence."
{¶ 7} In his first assignment of error, Defendant argues that his classification as a sexual predator was not supported by clear and convincing evidence.
{¶ 8} When reviewing a trial court's decision to adjudicate a defendant a sexual predator, "we must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard." State v. McKinney (Jan. 9, 2002), 9th Dist. No. 3207-M, at 4, citing Cross v. Ledford (1954), 161 Ohio St. 469, 477. Thus, the state is required to "present evidence that would give the court a firm belief or conviction that [a] defendant [is] likely to commit another sexually oriented offense[.]" State v. Williams (2000), 88 Ohio St.3d 513, 533, quoting State v. Ward (1999), 130 Ohio App.3d 551, 569. Clear and convincing does not mean clear and unequivocal. State v. Eppinger
(2001), 91 Ohio St.3d 158, 164, quoting Cross, 161 Ohio St. at 477. It is an intermediate evidence standard, "more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases." State v. Schoolcraft (Apr. 24, 2002), 9th Dist. No. 01CA007892, at 4, citing Eppinger, 91 Ohio St.3d at 164, quoting Cross, 161 Ohio St. at 477.
{¶ 9} Defendant asserts that the conclusion that he is a sexual predator is not supported by sufficient evidence. We disagree.
{¶ 10} A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). As Defendant was found guilty of rape, a sexually oriented offense under R.C. 2950.01(D)(1), the only issue before this Court is whether the trial court's determination, that Defendant was likely to engage in the future in a sexually oriented offense, is supported by sufficient evidence.
{¶ 11} In determining whether an offender is likely to engage in sexually oriented offenses in the future, thus making him or her a sexual predator, R.C. 2950.09(B)(2) requires the trial court to consider all relevant factors including, but not limited to:
{¶ 12} "(a) The offender's age;
 {¶ 13} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 14} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 15} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 16} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 17} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 18} "(g) Any mental illness or mental disability of the offender;
 {¶ 19} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 20} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty.
 {¶ 21} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
{¶ 22} While the court must consider all factors listed under R.C. 2950.09(B)(2), "[t]he State is not required to demonstrate every factor * * * before a defendant can be adjudicated a sexual predator."Schoolcraft, supra, at 5, quoting State v. Smith (June 2, 1999), 9th Dist. No. 18622, at 5. Additionally, R.C. 2950.09(B)(1) provides that both parties are to be given the opportunity to present new evidence and call and examine witnesses. However, "the statute does not mandate that evidence subsequent to the underlying event be presented at the sexual predator hearing." State v. Bolyard (May 8, 2002), 9th Dist. No. 20801, at ¶ 24. See R.C. 2950.09(B)(1). Furthermore, because the Ohio Rules of Evidence are not strictly applied to sexual predator hearings, reliable hearsay evidence may be used by the trial court in making its determination. Bolyard at ¶ 24, citing State v. Cook (1998),83 Ohio St.3d 404, 425. See, also, State v. Steckman (Feb. 9, 1999), 9th Dist. No. 97CA006996, at 11-12.
{¶ 23} At trial, the court heard testimony from Detective Dave Garcia ("Garcia") and investigator Gino Taliano ("Taliano"). Garcia testified that, according to the victim, Defendant held her hostage for three to five days and "would not let her out of his sight for any length of time." Garcia also testified as to evidence of physical abuse. He stated that the victim had bruises on her legs from Defendant. According to the victim's statements to Garcia, Defendant would strike her on the legs with a homemade wooden type bat to see how strong she was. Also, Garcia recalled that one of the victim's eyes was black and blue and swollen, her right arm had visible injury, and Defendant allegedly bit the victim on a few occasions. Furthermore, Defendant made the victim wear bizarre clothing; Garcia testified that the victim had relayed to him that Defendant required her to wear his deceased mother's nightgowns during the sex acts. Garcia asserted that the victim was certain that she had not seen the Defendant exhibit this sort of behavior before. Additionally, the victim told Garcia that Defendant would not allow her to take her medication to treat her depression during those three to five days. Garcia also stated that alcohol and marijuana were used by both Defendant and the victim.
{¶ 24} Taliano's testimony concerned the content of four of the eleven letters Defendant mailed the victim from his jail cell. Taliano testified that in a letter dated December 18, 1996, Defendant stated that his life was in the victim's hands and that he felt the "rape charge inappropriate." Defendant also requested the victim to write him a "kinky letter" and send some photographs of herself. Taliano stated that in another letter, dated January 4, 1997, Defendant suggested that the victim was confused when she testified about the offenses and informed the victim that he was "looking forward to touching her with his electric touch[.]" Taliano also recalled that the envelope had the lettering "SWAK" written across the outside. In regards to the letter dated May 20, 1997, Taliano stated that again Defendant requested the victim to send him some "sexy pictures" of herself. He also offered her an incentive if she would write him back; Defendant asserted he would "write her the sexiest letter that she ever read * * * `one * * * that will make [her] cum all over'." The final letter Taliano reviewed was dated November 29, 1998 and signed "love Tony." In that letter, Taliano stated that Defendant told the victim that he "missed her touch" and was still waiting to receive some pictures.
{¶ 25} Additionally, Taliano testified that the victim "was very concerned for her personal safety. She felt that [Defendant] thought she was the person responsible for him being placed in jail" and she was afraid that "when he was released * * * he would return to Florida and she was convinced [Defendant] would kill her." Taliano stated that the victim expressed to him that she wanted to be notified when Defendant was released from prison because she was considering relocating.
{¶ 26} At the sexual predator hearing, the trial court expressed concern over the psychological balance of Defendant, and noted that "the fact that [the] letters have been written years after [Defendant] was indicted and sometime after he was convicted, offers * * * some concern that this problem is * * * `still going on.'" The court stated that it would consider the factors listed in R.C 2950.09 and in its journal entry found that "[a]lthough there is only one victim in this case, the actions of [Defendant] were extreme and brutal. Furthermore, [Defendant's] lack of remorse and inappropriate contact with the victim since his incarceration indicates that [he] remains a high risk to re-offend."
{¶ 27} In making its sexual predator determination, the trial court considered the facts of the case and the evidence presented at the sexual predator hearing. The record verifies that the trial court followed R.C. 2950.09(B)(2) in determining Defendant's classification. The trial court listed the criteria it considered and found relevant in adjudicating Defendant a sexual predator. Under factor (a), the court cited Defendant's age as a factor, stating that since Defendant was forty-four years old at the time of the offense he was a "mature adult, fully cognizant of the consequences of his actions." Citing factor (b), the court noted Defendant's lack of prior convictions. The court considered factors (c) and (d) in finding that there was one female victim who was an adult. Factors (h) and (i), the nature of Defendant's sexual conduct and cruelty displayed, were also discussed. The trial court found that the "victim was held hostage in * * * [D]efendant's home for a period of three days[;] * * * she was denied food and was beaten with a bat, kicked, bitten, verbally abused and choked until unconscious[;] * * * she was kept in a dark basement for punishment'* * * [;] she was raped by * * * [D]efendant on at least two occasions during her detention[;] [and] [D]efendant had the victim wear his deceased mother's night gown during her detention." The court made additional findings in regards to Defendant's mental and psychological disorders, factor (g), and was troubled by the fact that "[D]efendant fail[ed] to demonstrate any awareness or sensitivity to the effect his criminal conduct has had on the victim."
{¶ 28} After reviewing the evidence, this Court cannot conclude that the trial court erred when it adjudicated Defendant a sexual predator. Although the trial court is to consider all the factors under R.C. 2950.09(B)(2), "the State is not required to demonstrate every factor * * * before a defendant can be adjudicated a sexual predator."Bolyard at ¶ 24, quoting Smith, supra, at 5. Thus, we find that the State established by clear and convincing evidence that Defendant is likely to commit one or more sexually oriented offenses in the future. Accordingly, Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II {¶ 29} "[Defendant] was deprived of his right to the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments [of] the United States Constitution and Article I, Section 10 of the Ohio Constitution[.]"
{¶ 30} In his second assignment of error, Defendant contends that he was denied the effective assistance of counsel at his sexual predator hearing. Defendant asserts that his counsel was ineffective because counsel did not: offer evidence in Defendant's case-in-chief; seek an expert evaluation; represent Defendant zealously, and did not perform a thorough and complete investigation into the factual background of the case.
{¶ 31} In order to establish the existence of ineffective assistance of counsel, the defendant must satisfy a two-pronged test: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48, quoting Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674.
{¶ 32} Defendant bears the burden of proof on this matter. Colon
at ¶ 49, citing State v. Smith (1985), 17 Ohio St.3d 98, 100. Furthermore, there exists a strong presumption of the adequacy of counsel's performance, and that counsel's actions were sound trial tactics. Colon at ¶ 49, citing Smith, 17 Ohio St.3d at 100. "A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound strategy." State v.Watson (July 30, 1997), 9th Dist. No. 18215, at 4. Additionally, debatable trial tactics do not give rise to a claim for ineffective assistance of counsel. In Re: Simon (June 13, 2001), 9th Dist. No. 00CA0072, at 4, citing State v. Clayton (1980), 62 Ohio St.2d 45, 49. A defendant should put forth a showing of a substantial violation of an essential duty. Watson, supra, at 6, citing State v. Nabozny (1978),54 Ohio St.2d 195, paragraph four of the syllabus.
{¶ 33} Prejudice entails a reasonable probability that, but for counsel's errors, the result of the trial would have been different.State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. The court is also to consider "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Colon at ¶ 49, quoting Strickland,466 U.S. at 690. An appellate court may analyze the second prong of theStrickland test alone if such analysis will dispose of a claim of ineffective assistance of counsel on the ground that the defendant did not suffer sufficient prejudice. See State v. Loza (1994),71 Ohio St.3d 61, 83.
{¶ 34} In this case, Defendant avers that he was denied effective assistance of counsel when his attorney failed to seek an expert evaluation, offer evidence in Defendant's case-in-chief, and perform a thorough and complete investigation into the background of the case. After careful review of the record, we find Defendant's arguments are without merit.
{¶ 35} The record lacks the necessary showing that the asserted "errors" would have affected the judgment of the trial court. Defendant did not demonstrate that there was a "reasonable probability that, were it not for counsel's errors * * * the result of the trial would have been different." State v. Shirley, 9th Dist. No. 20569, 2002-Ohio-31, at 14, citing Bradley, 42 Ohio St.3d 136 at paragraph three of the syllabus. Furthermore, counsel functioned effectively at the hearing inasmuch as he actively participated by cross-examining the State's witnesses. See Statev. Paxton (Jan. 16, 2002), 9th Dist. No. 01CA007818, at 13 (finding effective assistance of counsel where defense attorney thoroughly cross-examined State's witnesses and defendant failed to show prejudice). Therefore, as Defendant failed to satisfy the Strickland
test, his ineffective assistance of counsel claim must fail. Colon at ¶ 48, citing Strickland, 466 U.S. at 687.
{¶ 36} Accordingly, Defendant's second assignment of error has no merit and is overruled.
{¶ 37} Defendant's assignments of error are overruled. The convictions of the Lorain County Court of Common Pleas are affirmed.
WHITMORE, J, BATCHELDER, J. CONCUR.